```
The Law Offices of Robert Nadalin
P.O. Box 124594
San Diego, CA  92112
(619) 234-8875

Robert G. Nadalin, Esq.
Cal. State Bar No. 222489
Attorney for Ms. Qian Han
```

FILED
2008 MAR 27  PM 2:58
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Qian Han,<br><br>  Plaintiff,<br><br>  v.<br><br>Michael Chertoff, Secretary,<br> Department of Homeland Security,<br><br>Emilio T. Gonzalez, Director,<br> Citizenship and Immigration Services,<br><br>Christina Poulos, Director<br> California Service Center<br> Citizenship and Immigration Services,<br><br>Paul M. Pierre, District Director,<br> San Diego District, Citizenship and<br> Immigration Services,<br><br>Michael B. Mukasey,<br> Attorney General of the United States,<br><br>Robert S. Mueller, III,<br> Director, Federal Bureau of Investigation,<br><br>  Defendants. | Civil No.<br><br>**'08 CV 0581 L CAB**<br><br>Agency No. A75 694 517<br><br>COMPLAINT REQUESTING REVIEW<br>OF APPLICATION FOR<br>NATURALIZATION PURSUANT<br>TO 8 USC § 1447(b) |

Plaintiff, by her attorney, complaining of Defendants, alleges as follows:

1.) Plaintiff, Qian Han, is an individual and applicant for naturalization who currently resides in the city of San Diego, which is within the jurisdiction of this Court. Plaintiff's

1. claim to relief arises under 8 U.S.C. § 1421 and 8 U.S.C. § 1447(b).

2.) Defendent Michael Chertoff is the Secretary of Homeland Security (DHS), Emilio T. Gonzalez is the Director of United States Citizenship and Immigration Services (USCIS), Christina Poulos is the Director of the California Service Center of USCIS, Paul M. Pierre is the District Director of the San Diego District of USCIS, Michael B. Mukasey is the Attorney General of the United States, and Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation. All defendants are sued in their professional capacities.

3.) The Court has jurisdiction of this action pursuant to 8 U.S.C. § 1421, 8 U.S.C. § 1447(b), 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq., and relief is requested pursuant to these statutes. Alternatively, relief is requested pursuant to 28 U.S.C. § 1361.

4.) On August 8, 2005, Plaintiff applied for naturalization under 8 U.S.C. § 1421 with the USCIS California Service Center in Laguna Niguel, California.

5.) On October 20, 2005, Plaintiff's biometrics, including a photo and fingerprints, were taken at the USCIS application support center located at: 2505 El Cajon Blvd., San Diego, California.

6.) On January 12, 2006, Ms. Han was interviewed at the USCIS office located in San Diego, California. She passed the naturalization examination but was given a paper explaining that the "name check" security check was still pending.

7.) On March 15, 2006, pursuant to an inquiry made by Plaintiff on March 14, 2006, USCIS sent her a letter explaining that a decision would be made when "background checks are complete (sic.)"

8.) On February 8, 2007, Plaintiff attended an InfoPass appointment at the USCIS Chula

Vista Field Office to inquire into the status of her case. She was told that the "name check" security check was still pending.

9.) On July 12, 2007, Plaintiff, representing herself, filed a petition with the U.S. District Court, Southern District of California pursuant to 8 U.S.C. § 1447(b). [Case No: 07-CV-1264 W(AJB).] On July 25, 2007 the Court remanded the case with instructions for USCIS to adjudicate the case as quickly as possible and closed the District Court case on July 25, 2007.

10.) On January 10, 2008, Plaintiff attended an InfoPass appointment at the USCIS Chula Vista Field Office to inquire into the status of her case. She was told that the "name check" security check was still pending.

11.) There are fundamental problems with the way in which Defendants are processing Ms. Han's case. Plaintiff intends to seek discovery to confirm facts which appear to be in dispute. In response to Plaintiff's inquiries, Defendants assert that the security check process is ongoing, yet the naturalization application remains pending almost 30 months after it was filed. It is Plaintiff's belief that no action is taking place on her case or that it has somehow fallen off the regular processing track. It is not clear why this case has been pending for 30 months. Questions include when the security check process was started, how often the local office checks to see if the process has been completed, whether there is a quality control process applicable to following up on long delayed cases, and whether delays are specific to Ms. Han's particular ethnic group.

12.) Plaintiff is aware that in similar previous cases, Defendants have asserted that it would somehow be unfair for them to take action on a specific long delayed case because other applicants were also waiting in line for adjudication. Plaintiff believes it is relevant

to her situation to know how many other cases have been pending with Defendants for 30 months or longer. Defendant USCIS posts on its website that it is completing San Diego District naturalization cases filed as of July 20, 2007. Plaintiff believes that Defendant USCIS is stating its true processing time as July of 2007 and therefore concludes that her long delayed case is exceptional and unique. For a reason unknown at this time, it appears that Defendants are not actively processing her case and may not be conducting active follow-up in the adjudication of this matter. Thus, significant issues of fact may be in dispute in this case as Plaitiff maintains a reasonable belief that her case is being handled differently than other naturalization applicants who filed in the summer of 2005.

13.) Plaintiff is also aware that in similar previous cases, Defendants have asserted that concerns related to national security sometimes result in long process delays. While Plaintiff waits for the adjudication of her case, she continues to be physically present inside the U.S. Assuming arguendo that Plaintiff were a threat to the national security of the United States, a delay in her case would not make America safer because for the entirety of the process she would remain free to travel around the country. Contrary to what Defendants may assert, concerns regarding national security lean strongly in favor of completing the adjudication of pending applications as quickly as possible. Plaintiff believes that asserting national security as a concern is a pretext. Plaintiff intends to pursue discovery processes to ascertain the true reason why her case has not been able to be concluded within the last 30 months.

14.) Plaintiff asserts that Defendants have a duty to adjudicate this application within the 120-day period following the date of the examination that occurred on January 12, 2006. Further, it is alternatively asserted that Defendants have a duty to complete the

adjudication of the naturalization application and name check process within a reasonable period of time. They have failed to complete these duties for a period of more than 2 years. Id.

15.) Plaintiff has exhausted her administrative remedies.

16.) Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.

17.) Further, Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et. seq, are unlawfully withholding or unreasonably delaying action on Plaintiffs' application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

18.) Plaintiff is suffering real and specific harm directly caused by Defendants' refusal to act. The harms suffered include not being able to file immigrant petitions for her parents to come to the U.S. and include preventing her from voting in the upcoming Presidential election. Plaintiff may consider amending her complaint in the future if the discovery process yields information understood to show that her case is intentionally being delayed for unlawful reasons, in contrast to a delay caused by apathy or an unintentional failure to complete assigned duties.

WHEREFORE, Plaintiff prays:

A. That the Court determine this matter or alternatively remand the matter with specific appropriate instructions ordering the Service to have their agents process this case to a conclusion within a specific period of time, or to report back to the court within a specific period of time as to why the case has not or cannot be adjudicated.

B. For reasonable attorney's fees, and

Case 3:08-cv-00581-L-CAB   Document 1   Filed 03/27/2008   Page 6 of 8

C. For such other and further relief as to this court may deem proper.

Dated: March 27, 2008

                                        Robert G. Nadalin
                                        Attorney for Qian Han

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Qian Han

### DEFENDANTS
Michael Chertoff, Secretary, Department of Homeland Security, Emilio T. Gonzalez, Director, Citizenship and Immigration Services, Christina Poulos, Director, Citizenship and Immigration Services, Paul M. Pierre, District Director, San Diego, District, Citizenship and Immigration Services, Michael B. Mukasey, Attorney General of the United States, Robert S. Mueller, III, Director, Federal Bureau of Investigation

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert G. Nadalin, The Law Offices of Robert Nadalin
P.O. Box 124594, San Diego, CA 92112. Tel 619-234-8875

Attorneys (If Known)

'08 CV 0581 L CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 USC Sections 1421 and 1447(b). Alternatively 28 USC Section 1361.

Brief description of cause:
Unreasonable delay in adjudication of pending naturalization application.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/27/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 15946 AMOUNT $350 APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

QH 3/27/08

```
       UNITED STATES
       DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 149156      - SH
       * * C O P Y * *
        March 27, 2008
           14:57:26


         Civ Fil Non-Pris
   USAO #.: 08CV0581
   Judge..: M. JAMES LORENZ
   Amount.:              $350.00 CK
   Check#.: PC0129



          Total-> $350.00


   FROM: HAN V. CHERTOFF
```